# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. MILNER, | ) | CASE NO. 3:16-cv-2490 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| NEIL TURNER, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. No. 18 ["R&R"]) recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner Michael Milner ("Milner") filed objections to the R&R. (Doc. No. 19 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Milner's objections, adopts the R&R in its entirety, and dismisses Milner's petition for a writ of habeas corpus.

## I. BACKGROUND

Milner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 11, 2016. (Doc. No. 1 ["Pet."].) Milner seeks relief from the sentence issued by the state trial court following Milner's plea of guilty to one count of aggravated murder. The parties' plea agreement provided that the State would not argue or request a sentence of life without parole

and would request that the trial court impose one of the other options besides life without parole. Nonetheless, on August 8, 2014, the trial court sentenced Milner to life in prison without the possibility of parole. (R&R at 610–11, citing state record.) The magistrate judge summarized the factual predicate for this offense, as determined by the state appellate court, as well as Milner's efforts to appeal his conviction in the state courts. Milner does not challenge the magistrate judge's summary of the procedural history, and the Court will accept this summary, as if rewritten herein.

Milner raised six grounds for relief in his habeas petition. In the R&R, the magistrate judge recommended that the Court reject three of the grounds as not cognizable on federal habeas review, and further recommended that the Court find that a sentencing issue relating to the lack of a pretrial ruling on a motion to dismiss was waived by Milner's guilty plea. (R&R at 626–34.) The magistrate judge also considered and rejected on the merits the first two grounds for relief. The magistrate judge determined that the first ground—that Milner was not afforded counsel for his initial arraignment—was conclusively belied by the state court record that clearly showed that Milner was represented by appointed counsel at the arraignment. (*Id*. at 621–22.) As for the second ground—that the trial court erred by imposing a life sentence without the possibility of parole—the magistrate judge recommended a finding that the state appellate court's determination that the trial court was not bound by the plea agreement was neither contrary to nor an unreasonable application of United States Supreme Court precedent and did not represent an unreasonable determination of the facts presented in the state court proceedings. (*Id*. at 622–26.)

Milner filed timely objections to the R&R. Included in his filing was a request that the

Court hold the present habeas matter in abeyance pending resolution of a state court collateral proceeding.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) ("any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal

court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, --U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

### III. PETITIONER'S OBJECTIONS

Milner raises five objections to the R&R's review of the facts of this case as determined by the Sixth District Court of Appeals of Ohio. (Obj. at 636.) With each objection, Milner merely disputes the facts found by the state appellate court and, in certain instances, promises to present unidentified evidence to refute the findings in an evidentiary hearing. (*Id*.) On federal habeas review, a state court's factual determinations are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Milner has failed to come forward with *any* evidence—let alone clear and convincing evidence—necessary to rebut this presumption. *See id*. (providing that the habeas "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"); *Warren v. Smith*, 161 F.3d 360–61 (6th Cir. 1998); *see, e.g., Coleman v. Mitchell*, 268 F.3d 417, 434 (6th Cir. 2001) (district court did not err in refusing to afford habeas petitioner an evidentiary hearing in order to develop the factual basis for his claims). Accordingly, these

4

objections are OVERRULED.

### IV. MOTION TO HOLD PETITION IN ABEYANCE

Milner does not lodge any specific objections to the magistrate judge's recommended resolutions of his grounds for relief. Instead, Milner notes that, subsequent to filing the present habeas petition, he filed a motion to vacate his sentence in state court. A review of the state court filing reveals that the motion to vacate raises two arguments: (1) that Milner received ineffective assistance of his trial counsel because counsel pressured him into pleading guilty, and (2) that the trial court denied him due process by failing to honor the parties' agreement that he receive a sentence of life with the possibility of parole.[1] While the latter argument was previously raised in the state court and in the present habeas petition, the former argument does not appear to have been raised in any post-trial proceeding. Milner requests a stay and abeyance of his federal habeas action while the state trial court considers his post-trial motion.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct 1528, 161 L. Ed. 2d 440 (2005). Milner's petition is not mixed. Each of the grounds for relief in the present federal petition was presented in and received one full round of consideration by the state appellate courts. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (holding that to have fairly presented the substance of each constitutional claim to the state courts, a petitioner must have given the highest court in the state

---

[1]Https://clerkofcourts.eriecounty.oh.gov/eservices/search.page.3?x=WZnTMiT*NyajfJ5DHsmqeV1pU5FZwiNi89t3mZqQpBNj2VtTetf7RHjTSGqwotrP1Pu7IeeI1VS9d-MWnqZ75w. (*State v. Milner*, Case No. 2012-CR-339, Oct. 20, 2017 Mot. to Vacate, website last visited Aug. 5, 2019). According to the state court's docket, the motion is still pending. *Id.*

5

in which he was convicted a full and fair opportunity to rule on his claim). In addition, Milner has not requested leave to amend his federal petition to add the one new claim—that his counsel was ineffective by coercing him to plead guilty.

However, even if Milner had requested leave to amend his petition, the Court would not be able to grant such relief. In federal habeas corpus proceedings a "stay and abeyance should be available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Further, even if a petitioner has show good cause for that failure, a district court abuses its discretion if it issues a stay when the "unexhausted claims are plainly meritless." *Id.*

Milner rests his unexhausted claim on a letter from his trial counsel in which he believes counsel admitted to pressuring him to plead guilty, and affidavits from family members recounting the pressure they attempted to exert over Milner to get him to consider a plea bargain. (*State v. Milner*, Case No. 2012-CR-339, Pet. to Vacate, filed Oct. 20, 2017.) In his motion, Milner notes that he only recently acquired this evidence. Yet, Milner was certainly aware at the time of sentencing of the efforts of his counsel and family to encourage him to enter a guilty plea.[2]

Though the Court does not opine as to whether trial counsel was ineffective, it also observes that counsel's letter—viewed in its entirety—seems to suggest that counsel believed only that he had *persuaded* Milner to plead guilty because it was his professional opinion that

---

[2] A review of the state court docket reflects that the State opposes Milner's motion to vacate, in part, on the grounds that it is untimely under Ohio Rev. Code § 2953.21(2). (*State v. Milner*, Case No. 2012-CR-339, Opp'n to Petition to Vacate, filed Oct. 24, 2017, at 3.)

entering into a plea agreement was in Milner's best interests inasmuch as the facts surrounding the death of the minor victim were gruesome and the State's evidence against Milner was overwhelming. Further, in its opposition brief, the State notes that, at the change of plea hearing, Milner represented in open court that he had not been promised anything in exchange for his guilty plea and that no one had coerced him into pleading guilty. (*State v. Milner*, Case No. 2012-CR-339, Opp'n to Pet. to Vacate, filed Oct. 24, 2017, at 5.) There is a strong presumption that statements made by the parties at a plea hearing were truthful and that such statements constitute a "formidable barrier" to those attempting to contradict them in "any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

Ultimately, the Court cannot find that Milner has demonstrated good cause for the delay in raising this issue in state court, and a stay, therefore, would not be appropriate.

## V. Conclusion

The Court has reviewed the magistrate judge's R&R and ADOPTS the same. Accordingly, the Court OVERRULES the objections and DISMISSES the petition. Further, the Court CERTIFIES an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 6, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**